UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAMIAN ROBINS,<br><br>                        Plaintiff,<br>     v.<br>TASHEENA COOKE,<br>                        Defendant. | Case No. 3:24-cv-00155-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

*Pro se* Plaintiff Damian Robins brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 8.) On November 27, 2024, the Court ordered Robins to file an amended complaint by December 27, 2024. (ECF No. 13.) The Court warned Robins that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 7.)

In response, Plaintiff filed an exhibit that he referred to as an amendment. (ECF No. 14.) The Court explained that Plaintiff needed to file a complete amended complaint and extended the deadline for Plaintiff to do so until February 10, 2025. (ECF No. 16.) The Court reiterated that this case would be subject to dismissal if Robins failed to file an amended complaint by the new deadline. (*Id.* at 2.) Robins did not file an amended complaint, move for an extension, or otherwise respond.

**II.  DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Robins' claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d

1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Robins files an amended complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: There is no hint that Robins needs additional time, or evidence that he did not receive the Court's screening order or the Court's subsequent order extending the pleading deadline. Setting another deadline is not a meaningful alternative in light of these circumstances. The fifth factor thus favors dismissal.

In sum, having thoroughly considered the dismissal factors, the Court finds that they weigh in favor of dismissal.

### III.     CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Robins' failure to file an amended complaint in compliance with the Court's November 27, 2024, and January 13, 2025, orders.

It is further ordered that Robins' application to proceed *in forma pauperis* (ECF No. 7) is denied as moot.

The Clerk of Court is further directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Robins wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 20th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE